IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TINA H.,[1]

          Plaintiff,

     v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,[2]

          Defendant.

Case No. 3:21-cv-01655-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

      Tina H. ("Plaintiff") brings this appeal challenging the Commissioner of Social

Security's ("Commissioner") denial of her application for Supplemental Security Income ("SSI")

under Title XVI of the Social Security Act. The Court has jurisdiction pursuant to 42 U.S.C.

§§ 405(g) and 1383(c)(3), and the parties have consented to the jurisdiction of a magistrate judge

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

[2] Kilolo Kijakazi became the acting Commissioner of the Social Security Administration on or about July 9, 2021, and is named as the defendant in place of "Commissioner, Social Security Administration." *See* FED. R. CIV. P. 25(d)(1).

PAGE 1 – OPINION AND ORDER

pursuant to 28 U.S.C. § 636(c). For the reasons explained below, the Court reverses the Commissioner's decision because it is based on harmful legal error and not supported by substantial evidence.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "not supported by substantial evidence or based on legal error." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record can support either the grant or denial of Social Security benefits, the district court "may not substitute [its] judgment for the [Commissioner's]." *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

///

///

///

///

///

PAGE 2 – OPINION AND ORDER

# BACKGROUND

## I.    PLAINTIFF'S APPLICATION

Plaintiff was born in August 1973, making her forty-six years old on September 9, 2019, her amended alleged disability onset date.[3] (Tr. 19, 39, 183.) Plaintiff did not graduate from high school and has no past relevant work experience. (Tr. 27, 50.) In her application, Plaintiff alleged disability due to post traumatic stress disorder ("PTSD"), severe anxiety, depression, inability to focus, borderline high blood pressure, back pain, and traumatic dreams. (Tr. 214.)

The Commissioner denied Plaintiff's application initially and upon reconsideration, and on May 15, 2020, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 65, 83, 106.) Plaintiff and a vocational expert appeared by telephone and testified at an administrative hearing held on April 2, 2021. (Tr. 33-53.) On April 26, 2021, the ALJ issued a written decision denying Plaintiff's application. (Tr. 15-28.) On September 9, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's written decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff now seeks judicial review of the ALJ's decision.

## II.    THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social

---

[3] Plaintiff originally alleged a disability onset date of May 1, 2009, but at her administrative hearing, amended the onset date to September 9, 2019, the day she protectively filed her SSI application. (Tr. 39, 89-91, 177-81.)

Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five

steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the

claimant has a severe impairment; (3) whether the impairment meets or equals a listed

impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the

claimant can perform other work that exists in significant numbers in the national economy. *Id.*

at 724-25.

The claimant bears the burden of proof for the first four steps. *See Bustamante v.*

*Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any

of those steps, the claimant is not disabled. *See id.* at 954. The Commissioner bears the burden of

proof at step five, where the Commissioner must show the claimant can perform other work that

exists in significant numbers in the national economy, "taking into consideration the claimant's

residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If

the Commissioner fails to meet this burden, the claimant is disabled. *See Bustamante*, 262 F.3d

at 954.

## III.    THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is

disabled. (Tr. 15-28.) At step one, the ALJ determined that Plaintiff had not engaged in

substantial gainful activity since September 9, 2019, her application date. (Tr. 17.) At step two,

the ALJ determined that Plaintiff suffered from the following severe, medically determinable

impairments: "degenerative disc disease, a neurodevelopment disorder, and PTSD." (*Id.*) At step

three, the ALJ concluded that Plaintiff did not have an impairment that meets or medically equals

a listed impairment. (Tr. 18.)

The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to

perform light work subject to these limitations: (1) Plaintiff is limited to no more than occasional

kneeling, crouching, crawling, or stooping; and (2) Plaintiff is limited to simple, repetitive, routine tasks with no more than occasional contact with the general public. (Tr. 20.) At step four, the ALJ concluded that Plaintiff does not have past relevant work experience. (Tr. 27.) At step five, the ALJ determined that Plaintiff was not disabled because a significant number of jobs existed in the national economy that she could perform, including work as a routing clerk, production assembler, and an assembler of electronic accessories. (Tr. 28.)

## DISCUSSION

In this appeal, Plaintiff argues that the ALJ erred by improperly evaluating the opinion of Emily Jacobsen, PA-C ("PA Jacobsen") and the opinion of Cheryl A. Snyder, M.D. ("Dr. Snyder"), with regard to Plaintiff's manipulative limitations. (Pl.'s Br. at 2, ECF No. 13.) As a result, Plaintiff contends that her manipulative limitations conflict with the jobs listed at step five of the sequential process. (*Id.* at 7.) As explained below, the Court finds that the ALJ's decision is based on harmful legal error and not supported by substantial evidence, and therefore reverses the Commissioner's decision and remands for further proceedings.

## I.    MEDICAL OPINION EVIDENCE

### A.    Applicable Law

Plaintiff filed her application on September 9, 2019, and therefore the recently amended regulations regarding the evaluation of medical opinion evidence apply here. *See Woods v. Kijakazi*, 32 F.4th 785, 787-92 (9th Cir. 2022) (observing that "[t]he new regulations apply to [a claimant's case if] she filed her claim on or after March 27, 2017" and explaining that the new regulations displace the "irreconcilable" and "incompatible" specific and legitimate reasons standard).

Under the new regulations, "'[t]he most important factors' that [an ALJ] considers when evaluating the persuasiveness of medical opinions are 'supportability' and 'consistency.'"

*Woods*, 32 F.4th at 791 (quoting 20 C.F.R. § 404.1520c(a)). Supportability refers to "the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Id.* at 791-92 (quoting 20 C.F.R. § 404.1520c(c)(1)). Consistency refers to "the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)). An ALJ "must 'articulate . . . how persuasive' [he] finds 'all of the medical opinions' from each doctor or other source, . . . and 'explain how [he] considered the supportability and consistency factors' in reaching [his] findings.'" *Id.* (quoting 20 C.F.R. §§ 404.1520c(b), 404.1520c(b)(2)).

The district court reviews the ALJ's evaluation of a medical opinion for substantial evidence. *See Woods*, 32 F.4th at 787 ("Now, [under the new regulations,] an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence."); *see also Metcalf v. Kijakazi*, No. 22-35201, 2022 WL 17592194, at *1 (9th Cir. Dec. 13, 2022) (observing that "under the revised regulations . . . , the ALJ's evaluation of a medical opinion is reviewed for substantial evidence" (citing *Woods*, 32 F.4th at 789)). However, "[e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

### B.     Analysis

Plaintiff argues that the ALJ erred by improperly evaluating the opinions of PA Jacobsen and Dr. Snyder because both identified reaching limitations but the ALJ did not address those limitations nor incorporate the limitations in Plaintiff's RFC. (Pl.'s Br. at 2.) The Commissioner responds that the ALJ did not err by failing to address Plaintiff's reaching limitations because the ALJ generally found PA Jacobsen's opinion to be unpersuasive and because the jobs identified at step five do not require unlimited reaching. (Def.'s Br. at 2-7, ECF No. 14.)

PA Jacobsen completed a questionnaire regarding Plaintiff's impairments and resulting functional limitations. (Tr. 769-72.) PA Jacobsen noted that Plaintiff suffers from, among other things, carpal tunnel syndrome, and experiences numbness in her hands at times. (Tr. 769, 771.) With respect to manipulative limitations, PA Jacobsen opined that Plaintiff could only occasionally reach overhead, finger, and feel. (Tr. 770.)

The ALJ found that PA Jacobsen's opinion regarding Plaintiff's physical condition was partially consistent with the evidence of record to the extent that PA Jacobsen opined that Plaintiff could perform light work. (Tr. 24-25.) The ALJ pointed to a long list of physical examinations in which Plaintiff's physical condition was generally unremarkable, and found that Plaintiff's overall treatment of her physical impairments was conservative. (Tr. 25.) The ALJ further noted that Plaintiff did not complain about any physical impairments at the hearing, nor testify that any physical impairments precluded her from working. (*Id.*) However, the ALJ failed to address PA Jacobsen's opinion that Plaintiff can only occasionally reach overhead.

Dr. Snyder, a state agency medical consultant, completed a disability determination explanation on May 11, 2020. (Tr. 69-84.) Dr. Snyder assessed that Plaintiff could perform basic work activities at less than the full range of light work. (Tr. 79, 82.) Dr. Snyder also opined that Plaintiff has manipulative limitations, including that Plaintiff was limited to occasional overhead reaching. (Tr. 77-78.) The ALJ found Dr. Snyder's opinion to be persuasive and consistent with the overall record. (Tr. 26.) However, the ALJ did not address Dr. Snyder's opinion regarding Plaintiff's overhead reaching limitation.[4]

---

[4] The Commissioner asserts that Dr. Snyder opined only that Plaintiff was "limited in her ability to reach overhead with both arms" (Def.'s Br. at 5, citing Tr. 76-77), but the Court agrees with Plaintiff that Dr. Snyder's abbreviations indicate that she limited Plaintiff to occasional bilateral overhead reaching. (*See* Tr. 79, "MER SUPPORTS LIGHT RFC W OCCAS SCR W BIL OHR.")

The Court finds that the ALJ erred by failing to address PA Jacobsen's and Dr. Snyder's opinions regarding Plaintiff's reaching limitations. *See, e.g.*, *Howard v. Colvin*, No. C13-916-RAJ, 2014 WL 345242, at *2 (W.D. Wash. Jan. 29, 2014) (holding that the ALJ erred by failing to address reaching limitations noted in a medical opinion); *Knabe v. Astrue*, No. C10-44 MJP BAT, 2010 WL 4668461, at *4 (W.D. Wash. Oct. 14, 2010) ("The ALJ provided extensive discussion in his opinion regarding the weight of the medical evidence as well as reasons for finding [the claimant] not completely credible, but he provided no reason for omitting limitations in pushing, pulling or reaching. The omission appears to be an oversight and the RFC is thus not supported by substantial evidence. Accordingly, the case should be remanded to assess [the claimant's] RFC in light of her limitations in pushing, pulling and reaching.") (citations omitted). It is unclear from the record if the ALJ discounted the reaching limitations in PA Jacobsen's and Dr. Snyder's opinions, or merely neglected to incorporate the reaching limitations in the RFC, and therefore remand for further proceedings is necessary. *Cf. id.* ("Although there may be specific and legitimate reasons to discount [the medical] opinions regarding reaching limitations, the ALJ did not provide them here and thus shall reconsider those opinions on remand.").

The Court also finds that the ALJ's error was not harmless, because all of the jobs the ALJ identified at step five require frequent reaching. (*See* Tr. 28; *see also* DOT U.S. Dep't of Labor, Dictionary of Occupational Titles DOT 222.687-022, available at 1991 WL 672133 (routing clerk); DOT 706.687-010, available at 1991 WL 679074 (production assembler); DOT 729.687-010, available at 1991 WL 679733 (electrical accessories assembler)). The Commissioner argues that any error was harmless because although the jobs of routing clerk, production assembler, and electrical accessories assembler require reaching, the Court can apply its own common sense to conclude that those jobs do not require overhead reaching. (Def.'s Br.

at 6-7.) On the contrary, the Court is not in a position to opine about the reaching limitations of

the jobs identified at step five and declines to usurp the role of the vocational expert and the ALJ.

For these reasons, the Court remands this case for further administrative proceedings.[5]

## CONCLUSION

For the reasons stated, the Court REVERSES the Commissioner's decision and

REMANDS this case for further administrative proceedings consistent with this opinion.

**IT IS SO ORDERED.**

DATED this 30th day of March, 2023.

_____

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[5] Plaintiff did not seek remand for the payment of benefits. (*See* Pl.'s Br. at 8; Pl.'s Reply Br. at 4.) In any event, the Court finds that further proceedings are necessary here because the ALJ will need to evaluate PA Jacobsen's and Dr. Snyder's opinions regarding Plaintiff's overhead reaching limitations, incorporate the reaching limitations in the RFC, if appropriate, and determine if Plaintiff can perform other work that exists in significant numbers in the national economy. *See Amloian v. Colvin*, No. SA CV 15-02081-DFM, 2016 WL 7223260, at *7 (C.D. Cal. Dec. 13, 2016) ("[R]emand is appropriate for the ALJ to fully and properly assess the weight to be accorded to [the medical opinion] and, if necessary, reassess Plaintiff's RFC and determine whether he can perform any jobs existing in significant numbers in the national economy.").